Order, Supreme Court, New York County (Louis B. York, J.), entered February 7, 2013, which denied sixth third-party defendant Skyscraper Steel Corp.’s (Skyscraper) motion pursuant to CPLR 1010 to dismiss the sixth third-party complaint and all cross claims against it or, in the alternative, pursuant to CPLR 603 and 1010 to sever the sixth third-party action, unanimously affirmed, without costs. Order, Supreme Court, New York County (Louis B. York, J.), entered January 25, 2013, which denied third third-party defendant Skyscraper’s motion pursuant to CPLR 1010 to dismiss the third third-party complaint and all cross claims against it or, in the alternative, pursuant to CPLR 603 and 1010 to sever the third third-party action, unanimously affirmed, without costs.
The motion court properly denied Skyscraper’s motions to dismiss or sever. The third-party actions will not unduly delay the determination of the main action or prejudice the substantial rights of Skyscraper or any other party, and Skyscraper’s discovery rights have been accommodated (see Nielsen v New York State Dormitory Auth., 84 AD3d 519 [1st Dept 2011]; Erbach Fin. Corp. v Royal Bank of Canada, 203 AD2d 80 [1st Dept 1994]). The third-party actions present questions of law and fact in common with the main action, and thus a joint trial is preferable (see Rothstein v Milleridge Inn, 251 AD2d 154 [1st Dept 1998]). Defendant M&R European Construction Corp. provided a reasonable justification for bringing the third-party actions more than six years after the initial action was filed, i.e. that it was unaware of Skyscraper’s potential liability until the deposition of a previously unavailable witness was taken.
We have considered Skyscraper’s remaining contentions and find them unavailing. Concur — Tom, J.E, Acosta, Freedman and Kapnick, JJ. [Prior Case History: 2013 NY Slip Op 3015KU).]